[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 300 
Upon the facts found by the judge, a plain case was made for the reformation of the deed. The contract of sale related to that part of the plaintiffs' land lying west of a line drawn from the alley, to the north bank of the canal and crossing the north line of lot thirty-nine, about a foot westerly from the carpenter's shop. The alley was the boundary on the north; Liberty street on the east, and the canal on the south. The location and boundaries of the land were pointed out by the plaintiff to Hicks and Mattice, when the contract was made, and all parties understood that the land which the plaintiff was to sell, and which Hicks and Mattice were to buy, was that included within the boundaries mentioned. The plaintiff furnished to the scrivener his deed from Spencer as containing the description of this land, and the deed of which reformation is sought, described the land as in Spencer's deed. This description, however, embraces land lying west of the west line of the premises agreed to be sold, and the misdescription both in the plaintiff's and in Spencer's deed was attributable to a misapprehension as to the location of the north-west corner of lot thirty-nine. The land intended to be conveyed by Spencer and by the plaintiff is intersected by the north line of the lot, and the point where this line touches the westerly line of the land contracted to be sold is described in both the plaintiff's and Spencer's deed as the north-west corner of lot thirty-nine, whereas, in fact, that corner was a considerable distance farther west. In consequence of this mistake, land lying west of the piece contracted to be sold is embraced in the description. It is claimed that, as the plaintiff knew the terms of the description inserted in his deed, and as the language employed was that intended to be used, there was no mistake. The answer is that the mistake consisted in supposing the description *Page 302 
applied to the land intended to be conveyed, whereas it embraced much more; and a mutual mistake of this character is a ground for reforming a deed in equity.
The counsel is mistaken in supposing that a deed can be reformed only in cases where the mistake consists in the omission or insertion of words or clauses contrary to the intention of the parties. Although the parties understood what language was contained in the deed, if they believed the description corresponded with the actual boundaries of the land intended to be conveyed, and were mistaken, the case for a reformation was made out. Where the north-west corner of lot thirty-nine was, was a question of fact, to be ascertained by measurement and a survey; and the mistake was a mistake of fact and not of law. (De Reimer v. Cautillon, 4 J. Ch., 85; Johnson v. Taber,10 N.Y., 319.) We are of opinion that the facts found are justified by the proof, and that the case was properly decided on the merits. Some exceptions to the admission of testimony were taken. We have carefully considered them, and concur in the conclusions of the General Term, that they do not call for a reversal of the judgment.
The form of the judgment, as modified by the General Term, is not subject to objection. The defendant Henry Hicks claimed no title to the premises for which the ejectment was brought, other than that derived mediately under the plaintiff's deed; and as he is in possession of that part of the land which he rightfully can claim under that conveyance, he was properly restrained from further prosecuting his action. The judgment does not enjoin him from proceeding to recover the land upon any other title which he may acquire.
The judgment should be affirmed, with costs.
All concur.
Judgment affirmed. *Page 303