## Richmond.

CHAPMAN AND WIFE V. PERSINGER'S EX'X.

March 26th, 1891.

1. CANCELLATION—*Mutual mistake.*—Equity will reform instruments executed under mutual mistake, but this can never be done unless the true state of the case can be established. In the case here, any account that may be stated must be purely conjectural.

2. BONDS—*Promise to surrender.*—One cannot, under the law, set up and prove, in avoidance of his bond, that he was induced to execute it by obligee's assurance that he would surrender it to the obligor's bond. *Towner* v. *Lucas*, 13 Gratt., 705.

Argued at Wytheville.    Decided at Richmond.

Appeal from decree of circuit court of Roanoke county rendered October 16th, 1889, in the cause wherein James S. Persinger's executrix was complainant, and F. J. Chapman and Clementine P. Chapman, his wife, were defendants. The suit was to collect the amount of a bond executed (February 14th, 1883) by F. J. Chapman as principal and his wife as surety, to the testator for the sum of $2,492.81. The defendants answered that the bond was executed under a mutual mistake as to the state of accounts between the parties, and that they had been induced to execute the same by his assurance that he would give to her (who was his daughter) that bond and the two other bonds mentioned in the record. Accounts taken by a master, to whom the cause was referred, made several different statements of the pecuniary relations of

the parties, by one of which it appeared that the amount owing to testator, on the 16th of February, 1883, by F. J. Chapman, was only $1,461.59, and this was adopted by the court below, which entered its decree for the payment of that sum, at the same time annulling one of the other two bonds, to-wit, the bond executed February 13th, 1883 (the day before the settlement), by F. J. Chapman as principal, and F. Rorer as surety, for $1,250.00, as having been given for twenty-four acres of land, which did not belong to the testator, a consideration which wholly failed.

The master also reported, at the instance of the defendants, another statement, which showed the amount of testator's debts against F. J. Chapman to be $12,958.49, and the latter's debts against the testator to be $16,712, and the court below, in its decree that is complained of, said that the evidence fully established the amount of the testator's debits against Chapman to be $12,958.49, and Chapman's debits against him to be $16,712. Yet added: "But the court being further of opinion that the evidence aforesaid establishes that of the foregoing sums, last stated, the said F. J. Chapman is not entitled to credit on the said total of J. S. Persinger's debts against him for the following items, viz:

| | | |
|---|---|---|
| The amount paid on J. A. Persinger's bond, - | $2,900 | 00 |
| The interest thereon, - - - - - | 929 | 45 |
| The amount paid on J. S. Persinger's two bonds, | 1,041 | 31 |
| The interest thereon, - - - - - | 343 | 74 |
| | $5,214 | 50 |

As the evidence shows that those items were of a time anterior to the sale of the said mill property, made 12th November, 1887, and were applied to satisfy other demands of J. S. Persinger against F. J. Chapman than the demand for the price of said mill property, and other demands than those embraced

in the said statement of debts of J. S. Persinger against F. J. Chapman." And the denial of the credit for said sum of $5,214.50, changed the balance of $3,753.51 in favor of F. J. Chapman to a balance of $1,461.59 against him. From this decree the defendants appealed to this court. Opinion states the case.

*G. W. & L. C. Hansbrough,* for the appellants.

*Penn & Cocke,* for the appellee.

HINTON, J., delivered the opinion of the court.

James S. Persinger was the father of the appellant, Clementine P. Chapman. He was a man of considerable means, and during his life had many transactions of a business character with his son-in-law, the appellant, F. J. Chapman, and had paid for him at various times divers sums of money, amounting, in the aggregate, to many thousands of dollars. At the death of the said James S. Persinger, which occurred in September, 1884, there were found among his papers three bonds, viz:

(1) A bond of F. J. Chapman and F. Rorer, dated February 13th, 1883, for $1,250, payable at six months.

(2) A bond of F. J. Chapman for $917, dated February 14th, 1883; and

(3) A bond of C. P. Chapman and F. J. Chapman for $2,492.81, at twelve months, with interest from its date, to-wit, February 14th, 1883.

On the two first-named bonds Mary E. Persinger, the widow and executrix of James S. Persinger, instituted actions at law in the circuit court of Roanoke county, on its common law side.

On the third bond, she brought this suit on the chancery side of said court, in order to charge the property of the obligor, Clementine P. Chapman, who was a married woman.

In this cause the defendants filed their answer, which they asked to be taken as a cross-bill, alleging that this third bond was executed "under a mistake as to the indebtedness between the obligor, F. J. Chapman, * * * and the testator, who kept in view chiefly what he had paid out for F. J. Chapman, and overlooked .not only that he had made the payments with the latter's funds, but that the latter had paid much for him;" charging also that the bond for $1,250 was executed under a mutual mistake of fact; and alleging also that the deceased, James S. Persinger, had assured the respondents "he would never require them to pay, but would surrender and give" the three above-mentioned bonds "to the female respondent, as and for her portion of" his estate, "and that by such assurance the testator induced them to execute the bond," meaning the third bond, "in the bill mentioned." James S. Persinger left a will, the third item of which reads as follows:

" I have already given and paid for my three daughters, Clementine, the wife of F. J. Chapman, Elizabeth, wife of Samuel Nowlin, who is now dead, leaving children, and Mary, wife of C. I. Preston, and their husbands, considerable amounts of property and money, and it is my will, and hereby expressly provided, that neither of my said daughters, or either of their husbands, or the children of my deceased daughter, Elizabeth Nowlin, shall have any portion of my estate."

It is shown that the bond for $2,492.81, in the bill mentioned, was given as the result of a settlement of accounts had between the said F. J. Chapman and the said James S. Persinger on the day of its date—*i. e.*, on the 14th day of February, 1883, and that at that settlement there was present besides these parties but one witness, Major Ballard, the friend and counsel of Chapman.

This witness testifies, amongst other things, that "Mr. Persinger presented an account for claims which he had paid for Chapman, including judgments and some notes on which he

was security, amounting to several thousand dollars. I don't recollect the amount." That "Mr. Persinger had a small re-memorandum book. Chapman also had a small pocket memorandum book. Mr. Persinger also had two or three small pieces of paper with memorandums on them, and a receipt for money he had paid for Nowlin"; that "the $1,250 note * * was not executed at this time"; that as to the bond for $917, "there was no dispute over this debt. Mr. Chapman never objected to it when we were considering the item." That the bond of John A. Persinger for $2,900, which he now thinks, from the testimony of Logan, another witness in the cause, may have been erroneously charged against Chapman, "entered into the result which was arrived at on that occasion," and that "Mr. Persinger contended that Chapman owed the bond under some agreement they had made." But that he had "no recollection of the various items, outside of the judgments and the Persinger and Nowlin bonds;" * * * and that "the items between them were numerous and amounted to a considerable sum"; and that he did not attempt to charge his memory with them.

With these statements from the only witness who could testify as to the settlement before it, and in despite of the statement of the commissioner that the evidence was not sufficiently full and direct for him to make a statement "with much"—he might with equal propriety have said "with any"—confidence in its accuracy, the learned judge of the circuit court held that the bond for $2,492.81, executed under a mutual mistake of fact, directed various accounts, decreed in favor of the appellee for only $1,461.59, and directed a cancellation of the bonds for $917 and $1,250.

In entering this decree the circuit court manifestly erred to the prejudice of the appellee for the following patent reasons:

First. The testimony shows beyond all question that the bond for $2,492.81, far from being executed under a mistake of fact, was the result of deliberation and discussion, in which

some of the most important factors were considered item by item, and that whilst possibly Chapman may have been finally induced to execute the bond from a desire to have Mr. Persinger pacified as to the settlement, or, in the language of the answer, that both of the defendants were induced by the assurance of the testator that he would surrender and give them to the female respondent to execute the same, yet it was done by them with their eyes open and with a full knowledge of all the facts.

Secondly. Because the appellant cannot be permitted under the law to set up and prove such a promise as the one last referred to in avoidance of their solemn obligation. See the cases *Towner* v. *Lucas*, 13 Gratt., 705–722; *Harris* v. *Harris*, 23 Gratt., 766.

Thirdly. Because, whilst equity will reform instruments executed in mutual mistake, yet that this can never be done unless the true state of the case can be established. In this case any account that may be stated, must be purely conjectural. In such a case equity always withholds its hand. In *Foster* v. *Rison*, 17 Gratt., 340, Moncure says: "It is possible after all that the account given of this matter in the examination of Wm. Rison is the true one, and that the credit of $975 given to J. W. F. in the settlement was in fact given by mistake. But whether the fact be so or not, I think it is not proved by that degree and amount of evidence which ought to be required under the circumstances, and that in attempting to correct such supposed mistake there would be danger of doing injustice to the estate of J. W. F." *White* v. *Campbell*, 80 Va., 181.

Fourthly. Because the circuit court erred in directing a cancellation of the bonds for $917 and $1,250—for as to the first of these bonds Maj. Ballard's testimony proves, if it proves anything on the point, that there was no dispute over this bond, and that it was executed on the same day wi h the $2,492.81 bond, and presumptively therefore was given for

same additional amount due from Chapman to Persinger. And as to the $1,250 bond it is proven by Ballard that it did not enter into the final settlement, and it was error in the court to cancel that bond by making it a part of that settlement.

For these reasons the decree of the circuit court must be reversed in favor of the appellee, and a decree must be entered here in conformity with this opinion.

RICHARDSON J., dissented.

DECREE REVERSED.


## DECREE.

This cause which is pending in this court at its place of session at Wytheville, having been fully heard but not determined at said place of session; this day came here again, the parties by their counsel, and the court having maturely considered the transcript of the record of the decree aforesaid, and the arguments of counsel, is of opinion for reasons stated in writing, and filed with the record, that the said decree is erroneous in holding that the bond of $2,492.81 was executed under a mutual mistake of fact; and the court is further of opinion, that the bond for $2,900 at the date of the settlement was the property of James S. Persinger, and entered into the settlement between the parties which resulted in the execution of the said bond for $2,492.81 to the said James S. Persinger; the court is further of opinion for reasons stated in said opinion, that the court erred in directing the cancellation of the $1,250 and $917 bonds upon which common law suits are now pending. It is therefore decreed and ordered that the said decree be reversed and annulled in favor of the appellee, and that the appellants pay to the appellees their costs by them about their defence herein expended. And this court pro-

ceeding to render such decree as the said circuit court ought to have rendered, it is further decreed and ordered that the appellant pay to the appellee, Mary E. Persinger, executrix of James S. Persinger, $2,492.81, with interest thereon from the 14th day of February, 1883, until paid, and her costs by her expended in her defence in said circuit court. This decree is without prejudice to any action in which the said parties may see fit to take to litigate their rights to the said bonds for $1,250 and $917, in the common law actions now pending or in any other common law actions that may be instituted for the same purpose

Which is ordered to be entered in the order book here, &c. &., &c.