CHARLES N. THOMPSON

*v.*

WESLEY LADD.

*Opinion filed November 8, 1897.*

DEEDS—*misdescription of property caused by mutual mistake may be corrected in equity.* A mistake by both the grantor and the grantee in the description of property in a deed may, upon clear proof, in a suit between the same parties, be corrected in equity.

APPEAL from the Circuit Court of McHenry county; the Hon. CHARLES KELLUM, Judge, presiding.

V. S. LUMLEY, and JOHN B. LYON, for appellant.

C. P. BARNES, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee, Wesley Ladd, brought his bill in equity in the McHenry circuit court, against appellant, Charles N. Thompson, to reform a deed made in August, 1892. This is an appeal from the decree which was entered as prayed in the bill.

In 1881 Ladd bought lots 4 and 5 in Samuel Simmons' addition to the village of Ringwood, in McHenry county. From that time until the deed in question was made to Thompson these two lots were fenced together, with nothing to mark the division line between them. The property conveyed by Ladd to Thompson was described in the deed as follows: "Lot No. 4 of Samuel Simmons' addition to the village of Ringwood, according to the plat as surveyed and recorded of said village of Ringwood, situated in the village of Ringwood, in the county of McHenry, in the State of Illinois." The plat shows that lots 4 and 5 are of the same length, (132 feet,) but that the east lot (lot 5) is only 49½ feet wide while the west lot (lot 4) is 66 feet wide. Neither Ladd nor Thomp-

son knew there was any difference in the size of the lots at the time of the making of the trade or when the deed was made, but both parties believed they were of the same size. They believed that Ladd was selling and conveying, and Thompson was purchasing and receiving, in the transaction, the west half of the whole enclosure, but thought that "lot 4" would be the proper description to put in the deed. Before the deed was made, Ladd and Thompson together measured off one-half of the enclosed land, and made marks on the fences and put in a stake indicating the division line between that part that Thompson was to get and that part retained by Ladd. After obtaining his deed from Ladd, Thompson built a house and made improvements on the land so purchased, and in so doing, and in conversation with others, recognized the line as indicated by the marks on the fences and the stake, as the division line between his land and Ladd's. Afterward, however, upon having lot 4 surveyed, he found that its east line extended upwards of eight feet further east, and he thereupon took down and removed a fence which Ladd had built on the line which had been agreed upon between them.

There can be no doubt, we think, that by the mutual mistake of the parties the deed failed to describe properly the land which Thompson bought and paid for and which Ladd sold and supposed he was conveying to Thompson. At the time, both parties believed that the lots were of the same size, and that the property sold and conveyed was the west half of the land enclosed or surrounded by the fence, and that the line which they had marked was the division line. Such were the findings and report of the master and of the court in its decree. The decree is supported by the evidence, and no sufficient ground is shown why this decree should not be affirmed and the deed reformed so as to conform to the understanding and agreement of the parties. It was not the mistake of one of the parties alone, but the mistake of

both. The suit is between the same parties who made the mistake, and according to the established principles of equity in such cases, such a mistake being clearly proved, it may be corrected in a court of equity.

The decree of the circuit court is affirmed.

*Decree affirmed.*