AMERICAN MINING CO., LTD., Appellant, *v.* BASIN & BAY STATE MINING CO. et al., Respondents.

(No. 2,680.)

(Submitted October 7, 1909. Decided October 23, 1909.)

[104 Pac. 525.]

*Deeds — Reformation — Mistake — Nonsuit—Error—Statute of Limitations — Pleadings — Recordation of Instruments — Notice—Laches—Evidence.*

Statute of Limitations—Pleadings.
1. The objection that an action looking to the reformation of a deed was not commenced within the time limited by law could be taken only by answer.

Same—Recordation—Notice.
2. *Held*, that the recording of an instrument sought to be reformed, after the statute of limitations had run, because of a mutual mistake of the parties to it, is not alone sufficient to charge plaintiff with constructive notice of such mistake; but that, in determining the question of notice, either actual or constructive, the recording is to be considered with other facts and circumstances.

Same—Statute of Limitations—Pleadings—Insufficiency.
3. Defendants, in attempting to plead the statute of limitations, set forth a section of the statute which had no application; they further alleged that the deed had been recorded, that more than five years had elapsed since the date of recordation, and that therefore the action was barred. *Held*, that, conceding (but not deciding) that by pleading "the facts showing the defense," to-wit, the recording of the instrument and the lapse of five years thereafter, the requirements of section 6575, Revised Codes, relative to the pleading of the statute, were met, the facts so stated were insufficient, under the rule announced in paragraph 2 above, to justify the district court in holding plaintiff's cause of action barred.

Same—Evidence—Nonsuit—Error.
4. Where the evidence adduced by plaintiff in an action to reform a deed was clear, satisfactory and convincing that the instrument as written did not contain the agreement actually entered into by the

parties, that there was a mutual mistake as to a material fact, and that such mistake did not result from plaintiff's negligence, the court erred in granting a nonsuit.

Equity—Statute of Limitations—Laches.

   5.  *Obiter:* Defendant in an equity case may avail himself of the laches of plaintiff, notwithstanding the statute of limitations has not expired, or in cases where he has neglected to plead the statute or elected not to do so.

*Appeal from District Court, Jefferson County; Lew. L. Calla-way, Judge.*

ACTION by the American Mining Company, Limited, against the Basin and Bay State Mining Company and others.   Judgment for defendants, and plaintiff appeals from it and an order denying it a new trial.   Reversed and remanded.

*Mr. Massena Bullard* filed a brief in behalf of Appellant and argued the cause orally.

In view of the provisions of the Codes (Revised Codes, 5029, 6108 and 7873, subdivision 1), and of the uniform decisions of the courts, it cannot be contended that the court may not correct a mistake where the mistake has been mutual between all the parties.   (See *Quivey* v. *Baker,* 37 Cal. 465.) We need but refer to the familiar doctrine that a deed absolute on its face may be shown by parol testimony to be in fact a mortgage, and this, even though it was made in the form of a deed by the agreement or acquiescence of all parties. (*Earl* v. *Van Natta,* 29 Ind. App. 532, 64 N. E. 901; *Carlton* v. *Lewis,* 119 Ind. 181, 21 N. E. 475; *White* v. *Wilson,* 6 Blackf. (Ind.) 448, 39 Am. Dec. 437; *Morris* v. *Stern,* 80 Ind. 227; *East* v. *Pedin,* 108 Ind. 92, 8 N. E. 722.)   We cite the court to *Earl* v. *Van Natta, supra,* for an intelligent discussion of the question of laches raised by counsel for the defendants in their brief.

It is absurd to say that the record of a deed containing a mistake becomes a discovery of the mistake to the party affected thereby.   If the record of the instrument containing the mistake is a discovery of the mistake, then much more ef-

fectually and logically can it be said that the execution of the instrument itself is a discovery of the same. Such a position would destroy the very purpose of the law. The fact that the mistake became a matter of record could give it no more potency than the fact that the mistake was originally made in the document as written.

There was a brief by *Mr. Charles R. Leonard, Messrs. Wight & Pew,* and *Messrs. Gunn & Rasch,* in behalf of Respondents; *Mr. Carl Rasch* arguing the cause orally.

By pleading the facts, "showing the defense," as the pleader had the privilege to do under section 6575, Revised Codes, the question whether the action was barred was properly raised and presented. (*Morgan* v. *Bishop,* 61 Wis. 407, 21 N. W. 263; *Phelps* v. *Elliott,* 35 Fed. 455.) Any right to relief that the appellant may have had is barred by its laches. In this state the statute of limitations applies to all actions, equitable as well as legal. This fact, however, does not prevent a court of equity from refusing relief because of the laches of the complainant. The statute of limitations applicable to this action is a legislative declaration that where the time mentioned in the statute has expired, the complainant has been guilty of laches, and it is compulsory to so hold. (See *Patterson* v. *Hewitt,* 195 U. S. 319, 25 Sup. Ct. 35, 49 L. Ed. 214; *Badger* v. *Badger,* 2 Wall. 95, 17 L. Ed. 836; 5 Pomeroy's Equity Jurisprudence, sec. 36; *Brooks* v. *Hamilton,* 15 Minn. 26; *Johnston* v. *Dunavan,* 17 Ill. App. 59.) In *Marshall* v. *Westrope,* 98 Iowa, 324, 67 N. W. 257, where one party sent a contract to another to be signed and returned, it was held that the other's negligence in signing without acquainting himself with its contents was an insuperable objection to affording him relief in equity. To the same effect are *Hawkins* v. *Hawkins,* 50 Cal. 558; *Kimmell* v. *Skelly,* 130 Cal. 555, 62 Pac. 1067; *Belt* v. *Mehen,* 2 Cal. 159, 56 Am. Dec. 329; *Robertson* v. *Smith,* 11 Tex. 211, 60 Am. Dec. 234; *Serrell* v. *Rothstein,* 49 N. J. Eq. 385, 24 Atl. 367; *McCobb* v. *Richardson,* 24 Me. 82, 41 Am. Dec. 374; *Pearce* v. *Suggs,* 85 Tenn. 724, 4 S. W.

526; *Hill* v. *Bush,* 19 Ark. 522; *Cape Fear Lumber Co.* v.
*Matheson,* 69 S. C. 87, 48 S. E. 111; *Robinson* v. *Glass,* 94 Ind.
211; *Glenn* v. *Statler,* 42 Iowa, 107.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiff in this action seeks the reformation of two deeds,
also an accounting for rents, and to have its title to the real
estate in controversy quieted. The complaint alleges that on
September 25, 1897, the plaintiff and the defendant Basin and
Bay State Mining Company each owned an undivided half in-
terest in certain real estate in the town of Basin, in Jefferson
county; that at the time the Basin and Bay State Mining Com-
pany acquired its interest the land was unimproved, and there-
after, but prior to September 25, 1897, plaintiff at its own ex-
pense erected valuable improvements thereon, of which it was the
sole owner; that the title of the Basin and Bay State Mining
Company stood in the name of Alexander J. and James Glass
on the records of Jefferson county; that on September 25, 1897,
it was agreed between the parties that the Basin and Bay State
Mining Company should become the owner of one-half the im-
provements, and that transfer thereof should be made by the
plaintiff to Alexander J. and James Glass, representing and act-
ing for the company, to the end that the parties should be ten-
ants in common of the land, together with the improvements
thereon; that "it was intended by the parties interested that the
deeds should convey a half interest undivided in the improve-
ments, and it was not intended that any interest in the real estate
should be conveyed, and also that it was not intended that any
mineral reservation should be included in the deeds; that by the
mutual mistake of all the parties the deeds were so written as
to convey a half interest in the real estate as well as in the im-
provements, and also to make a mineral reservation." It is fur-
ther alleged that the Basin and Bay State Mining Company col-
lected and accounted for the rents until August, 1899, since which
date it has refused to account therefor; also, that plaintiff did

not discover the alleged mistakes in the deeds until October 19, 1905.

The defendants denied all of the plaintiff's allegations with regard to mistakes in the deeds, and denied the allegation of that paragraph of the complaint which set forth that plaintiff did not discover the mistakes until October 19, 1905. Defendants also alleged affirmatively that plaintiff's cause of action is barred by the provisions of section 512 of the Code of Civil Procedure of 1895. Defendants' so-called fourth defense reads as follows: "Allege that, as to the property mentioned in said complaint, the plaintiff herein gave a good and sufficient deed thereto unto Alexander J. Glass and James Glass, which by mesne conveyances has passed to the Basin and Bay State Mining Company; that said deeds were recorded in the office of the county clerk and recorder of Jefferson county, Montana, on the twenty-fourth day of March, 1900, in book 25 of Deeds, at page 72, and book 29 of Deeds, at page 84. Defendants allege that plaintiff is barred from maintaining this action for that the record of said county clerk and recorder are notice to the plaintiff herein, and plaintiff has delayed its application for reformation of said deeds for over five years after such notice thereof."

At the trial James Glass testified in categorical substantiation of the allegations of the complaint, relating to the intention of the parties at the time the transfers were made, and that mistakes were made in the deeds. He was corroborated by R. H. Kleinschmidt, an officer of the plaintiff company, and it was stipulated that if Alexander J. Glass were present as a witness, he would testify to the same effect as had James Glass. Kleinschmidt also testified that the American Mining Company first became aware of the mistakes in the deeds at the time of a certain trial in court on October 19, 1905, and that he personally became aware of the error at the same time. No other officer of the plaintiff testified. At the close of plaintiff's case, the defendants moved for a nonsuit, upon nineteen grounds, the principal of which are substantially: (1) That no equity is stated in the complaint or disclosed by

the evidence; and (2) that the cause of action is barred by laches and the express provisions of the statute. The court granted the motion, and from a judgment subsequently entered in favor of the defendants and an order denying plaintiff a new trial these appeals are prosecuted.

We think the district court erred in granting the motion for a nonsuit. It is not seriously contended that the complaint does not state facts sufficient to constitute a cause of action. The testimony of James Glass is ample to prove that mistakes were made in the deeds, and that they do not express the agreements between the parties. This being so, the plaintiff is entitled to the relief sought, unless its cause of action is barred by the statute, or it has too long delayed seeking the aid of a court of equity. This action was begun on December 11, 1905. The section of the statute relied upon in this court is referred to by the respondents in their brief as paragraph 4 of section 513, Code of Civil Procedure, 1895, which provides that the periods prescribed for the commencement of actions, other than for the recovery of real property, are (among others) "within five years: (4) An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake." It is immaterial whether the period of limitation to be applied is two years or five years, for the reason that more than five years had elapsed from the time the transfers were made until the commencement of the action, and section 513, Code of Civil Procedure, 1895, is not specially pleaded; the defendants relying upon the facts set forth in their fourth defense. The objection that the action was not commenced within the time limited can be taken only by answer. (Revised Codes 1907, sec. 6475; *Grogan* v. *Valley Trading Co.*, 30 Mont. 229, 76 Pac. 211.) It is conceded that the section specially pleaded—*i. e.*, section 512, Code of Civil Procedure (Revised Codes 1907, sec. 6445)—has no application. But it is contended that the defendants in their fourth defense have pleaded the "facts showing the defense," and have theretofore brought them-

selves within the provisions of section 6575, Revised Codes of 1907. Conceding this to be true, the only fact upon which they rely is manifestly that the deeds were recorded in the office of the county clerk and recorder of Jefferson county on March 24, 1900, and that more than five years elapsed between that date and the time of the commencement of this action. They contend that the record of the deeds was constructive notice to the plaintiff of the mistakes contained therein. No case exactly in point and involving mistake rather than fraud has been called to our attention; but respondents have referred us to the case of *Shain* v. *Sresovich,* 104 Cal. 402, 38 Pac. 51, wherein the supreme court of California held under a statute similar to our own that, as fraud and mistake are placed in the same category in the statute, the rules applicable to the one must govern the other. The rule is thus laid down in 25 Cyc. 1195: "The principle which governs the running of the statute of limitations in cases where equitable relief is sought on the ground of mistake is substantially the same as that applicable in cases of fraud." Many cases may be found in the books wherein the courts have held that in actions brought to set aside conveyances of real property on the ground that the same were made to defraud creditors, the mere fact of recording the fraudulent deed is not of itself sufficient to charge a creditor with constructive notice of the fraudulent transfer of title. (See *Jones* v. *Danforth,* 71 Neb. 722, 99 N. W. 495; *Chinn* v. *Curtis* (Ky.), 71 S. W. 923; *McGehee* v. *Cox* (Ky.), 58 S. W. 532; *Coulson* v. *Galtsman,* 1 Neb. (Unof.) 502, 96 N. W. 349; *Forsyth* v. *Easterday,* 63 Neb. 887, 89 N. W. 407.)

We think the better rule to be established in this state is that the recording of the instrument is to be considered with other facts and circumstances in determining whether the plaintiff is to be charged with notice, either actual or constructive, but that the fact of recording alone will not so charge him. In this connection it may be noted that the record of an instrument is not required in order to charge the parties thereto with notice of its contents, but for an entirely different purpose. Having executed

it, they are presumed to know its provisions; and, if the mere record of the instrument is to be construed as notice, then the grantee may always set the statute in motion by filing the instrument in the proper office. That no such rule has generally been recognized by courts of equity is evidenced by the fact that the books contain numerous cases in which courts have reformed recorded instruments years after the statutory time had elapsed, without that question ever having been raised. In the case of *Jones* v. *Danforth, supra,* the supreme court of Nebraska said this: "There may be circumstances under which the recording of a fraudulent deed to his real estate by a debtor is sufficient to put the creditor upon inquiry, which, if pursued, would lead to a discovery of the fraud, and thereby amount to a discovery of the fraud sufficient to set the statute in motion; but the fact of the recording of the fraudulent deed is not of itself alone sufficient to charge the creditor with notice of the fraud." We conclude, therefore, that there is in this case no pleading on the part of the defendants which in the light of the testimony would warrant a court in holding that the plaintiff's cause of action is barred by the statute of limitations.

Again, it is seriously contended by the defendants that the plaintiff has been guilty of such laches as will induce a court of equity to refuse it relief, even though its cause of action be not barred by the statute. We have no doubt of the correctness of the rule to the effect that the defendant in an equity case may avail himself of the laches of the complainant notwithstanding the time fixed by the statute has not expired (see *Patterson* v. *Hewitt,* 195 U. S. 309, 25 Sup. Ct. 35, 49 L. Ed. 214), and in cases where he has neglected to plead the statute or elected not to do so. (See *Badger* v. *Badger,* 2 Wall. 87, 17 L. Ed. 836.) It is undoubtedly true, as was said by the supreme court of Virginia in *Persinger* v. *Chapman,* 93 Va. 349, 25 S. E. 5: "Equity will not extend its aid to one who has been guilty of culpable negligence. It requires that the party who asks relief on the ground of mutual mistake shall have exercised at least the degree of diligence which may be fairly expected from a reasonable per-

son.'' In our opinion the evidence in this case is clear, satisfactory, and convincing that the deeds as written did not contain the agreement actually entered into by the parties; that there was a mistake as to a material fact; that the mistake was mutual; and that it did not occur by, or result from, the negligence of the plaintiff. These are prerequisite requirements to relief as laid down by the supreme court of Wyoming in the case of *Grieve* v. *Grieve*, 15 Wyo. 358, 89 Pac. 569, 9 L. R. A., n. s., 1211, and we think they are fully met by the plaintiff here. In the light of the testimony of Mr. Glass, wherein he explains the whole situation, it cannot be said that there was such negligence on the part of the plaintiff as would preclude it from invoking the aid of a court of equity. That a mistake was made is true, but that fact alone cannot debar the plaintiff; for otherwise the court could assume no jurisdiction in such cases. It sufficiently appears, we think, from the testimony of Mr. Glass that Albert Kleinschmidt and Louis Hillebrecht, the president and secretary, respectively, of the plaintiff corporation, were ignorant of the fact that a mistake was made. It further appears that Messrs. Glass, for the Basin and Bay State Mining Company, accounted to the plaintiff for one-half the rents derived from the property from September 25, 1897, to August, 1899. This tends to prove that up to the latter date both parties were ignorant that a mistake had been made, and that the Messrs. Glass, representing the defendant company, thought during those two years that the contract had been properly executed.

We find in the answer an allegation ''that on the fourth day of January, 1906, in an action then pending in the district court of Jefferson county, wherein plaintiff herein, American Mining Company, Limited, was plaintiff and defendants herein, Basin Reduction Company and W. A. Kidney, were defendants, being the same persons and corporations as are parties hereto, and for the same cause of action as that set forth in the complaint herein, judgment was duly given and made upon the merits of said cause, a copy of which judgment is hereto attached, marked 'Exhibit A,' and made a part hereof.'' The

judgment referred to as Exhibit A shows that the court found that "the plaintiff has failed to prove the allegations of its complaint as to lots 1 and 2, block 3 (together with the buildings and appurtenances thereon erected and situate), in the First addition to the town of Basin," and "the court finds that the plaintiff and defendant Basin Reduction Company's lessor, the Basin and Bay State Mining Company, are the joint and equal owners of lots twenty (20) and twenty-one (21), in block two (2), of the First addition to the town of Basin in said county and state, together with the two dwelling-houses and appurtenances thereon erected and being, and that on or about the fourth day of September, 1902, the defendant herein, Basin Reduction Company, being lessee of the Basin and Bay State Mining Company, without obtaining a written or other lease of the plaintiff's undivided one-half interest in the said property, entered into the exclusive use and occupation of the whole of said property, to-wit, lots twenty (20) and twenty-one (21), together with the two dwelling-houses and appurtenances thereon erected and being, and, after said date and prior to the filing of the supplemental complaint herein, collected as rent from said last described property the sum of seven hundred and twenty dollars ($720); and that the said defendant Basin Reduction Company expended in making repairs upon said last described property during said time the sum of one hundred and sixty-eight and 6/100 dollars ($168.06), and also paid the taxes upon said property for the years 1902, 1903, and 1904." And the court concluded as a matter of law: "(1) That the plaintiff is entitled to recover of and from the defendant Basin Reduction Company the sum of $275.97, less one-half of the taxes upon lots 20 and 21, in block 2 aforesaid; the defendant Basin Reduction Company having paid all the taxes on said lots for the three years aforesaid." At the trial of this action R. H. Kleinschmidt testified: "Q. Has there ever been an accounting made to you since 1899? A. Well, we took judgment for the rents on two of the houses, and that has been paid since 1899. Q. That was the last case you speak of?

A. Yes, sir.   Q. Outside of that judgment there has never been any accounting since 1899, has there? A. There have been a number of promises made by Mr. Kidney that he would make an accounting, but he never made it.   Q. He never made an accounting then? A. No, sir; except as we compelled him in court here.''

It was at the trial of the action referred to in the answer, as we read the record, that R. H. Kleinschmidt first learned that mistakes had been made in the deeds, and, as the plaintiff here was the plaintiff in that case also, it is not a violent presumption that it then learned of the mistakes for the first time as testified to by Mr. Kleinschmidt, and the record seems to so indicate.   According to the pleadings and testimony in the case we are considering, it was after the first case had been tried, and before the court had rendered judgment, that this action was commenced.   In addition to the foregoing, Mr. Kleinschmidt testified to an intimate knowledge of the affairs of the American Mining Company, Limited.   He said that he was its secretary and treasurer, and one of its trustees, at the time of the trial, and had held such official positions since its incorporation in 1890.   It appears from the deeds of which reformation is sought that Mr. Hillebrecht was secretary in 1897.  So Mr. Kleinschmidt probably meant to testify simply that he had been a trustee since 1890.   He appears, therefore, to have been in a position to know whether the plaintiff discovered the mistake in the deed prior to October 19, 1905.   We do not know from the record how long after 1897 Mr. Albert Kleinschmidt and Mr. Hillebrecht continued to be officers of the company, or where they were at the time of the trial.   In view of the foregoing, however, and the fact that the defendants elected to offer no testimony at the trial, and the further consideration that it is so palpable from the testimony that the mistakes relied upon by the plaintiff were actually made, we feel that the relief prayed for should be granted.   This is a case which should be finally determined by this court.   (*Stevens* v. *Trafton,* 36

Mont. 520, 93 Pac. 810.)    We are, however, unable to ascertain what sum is due the plaintiff for its share of the rents.

The judgment and order of the district court for Jefferson county are reversed, and the cause is remanded to that court, with directions to ascertain the amount due the plaintiff on account of rents, and, if necessary, to take further testimony on that question alone.    After such amount is ascertained, the court is directed to enter a judgment therefor in favor of plaintiff, and also reforming the deeds and quieting its title to the land in controversy, as prayed for.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

(Submitted October 7, 1909.    Decided October 23, 1909.)