JOHN ALFRED CHILSTROM v. CARL ENWALL AND OTHERS.[1]

July 23, 1926.

No. 25,376.

**Reformation of contract proper remedy.**

1. Reformation rather than rescission is the proper remedy where the parties to a contract and conveyance of a residence property agreed from the start upon the identity of the property and its boundaries but through mutual mistake supposed that it had a frontage of 30 feet whereas the actual frontage was only 28.87 feet.

**If buyer intended to deal with same property seller is ready to convey, immaterial when seller obtained title.**

2. In such a case it is immaterial that the vendor at the time of the sale did not own all of the property if he has since acquired it and is ready to convey and both parties supposed that he owned it and intended the one to sell and the other to purchase it.

Reformation of Instruments, 34 Cyc. p. 917 n. 87; p. 936 n. 54, 55.

---

See note in 23 R. C. L. p. 335.

Action in equity in the district court for St. Louis county to rescind and cancel a purchase by conditional sales contract of a

[1]Reported in 210 N. W. 42.

house and lot. The case was tried before Fesler, J., who ordered judgment in favor of defendants. Plaintiff appealed from an order denying his motion for a new trial. Affirmed.

*Jenswold, Jenswold & Dahle,* for appellant.

*Thomas J. Doyle,* for respondents.

STONE, J.

Action by a vendee in possession to rescind his purchase of a residence property. There was a trial without a jury and a decision, on the cross-complaint of defendant vendor, for the reformation of the contract and the conveyance thereunder, and the confirmation of both as reformed. Plaintiff appeals from the order denying his motion for amended findings or a new trial. The rights of defendant Great Northern Mortgage Loan Company are not involved, the whole controversy being between plaintiff and defendant Carl Enwall.

The property involved is a residence, a transverse strip of two lots in Oneota, one of Duluth's platted suburbs. Plaintiff purchased it under a contract of February 11, 1920, as the southerly 30 feet of the northerly 74 feet of the two lots in question. February 16, 1920, he took a conveyance using the same description under which he went into and still retains possession. He does not claim to have discovered the facts upon which he now claims rescission until about May 22, 1924.

1. The reformation directed that the description of the property be changed from the "southerly thirty (30) feet of the northerly seventy-four (74) feet" to "southerly twenty-eight and eighty-seven one hundredths (28.87) feet of the northerly sixty-seven and eighty-seven one hundredths (67.87) feet." That is, plaintiff is assured of the precise property he intended to purchase and the defendant intended to sell, except that the frontage is one foot and 13/100 less than that originally bargained for. The depth of the property is 100 feet. The dwelling on the place at the date of purchase is almost as wide as the lot but well within the description as reformed. A small and easily removable shed on the rear of the premises will have to be moved a few feet to bring it within those boundaries.

For plaintiff, it is contended that the precise boundaries were not agreed upon at the time of the purchase. The trial court has found the other way on so much evidence that the decision cannot be disturbed. There are only three feet nine inches between plaintiff's house and the next house north. Defendant representd that the north boundary of the property was between those houses and substantially equidistant from each. It is substantially so fixed by the reformation decreed below. In other words, the line so established will remain where plaintiff understood it was except for the rear of the lot where as already indicated a shed will have to be moved in order to keep within it.

The situation as to the south boundary is still plainer. A cement driveway, in the location and construction of which plaintiff himself participated, has been built on that side since the purchase. The evidence is very clear that both plaintiff and defendant understood that the south boundary was the line which is now the center line of this driveway. The foregoing explains how it is that the learned trial judge concluded that the tract, the title of which will be confirmed in plaintiff under the reformation, is the very one, both as to identity and boundaries, agreed upon by the parties. The case, on the facts, being in that posture, the law is easy of application.

"The equitable remedies of cancellation, rescission, surrender up, and discharge of instruments are one and the same remedy, depending upon the same rules." 2 Pomeroy, Eq. Jur. § 684. Courts will neither rescind nor reform, "unless the true state of the case can be established." Persinger's Admr. v. Chapman, 93 Va. 349, 352, 25 S. E. 5. But when the facts are clear, deeds may be reformed not only where the mistake consists in the omission or insertion of language contrary to the intention of the parties, but also in cases where they understood the language used therein but believed the description to correspond with the actual boundaries intended and were mistaken therein. Johnson v. Taber, 10 N. Y. 319; De Riemer v. Cantillon, 4 Johns. Ch. 85; Zantzinger v. Ketch, 4 Dall. 132, 1 L. ed. 772; Bush v. Hicks, 60 N. Y. 298; Bailey v. Woodbury, 50 Vt. 166; Tabor v. Cilley, 53 Vt. 487. There was no mistake here concerning the identity of the subject matter of the original contractual

assent. There was a mistake as to frontage, not disclosed until the resurvey which resulted in this lawsuit. There is 1.13 feet less than both parties supposed. But the frontage was stated as an item of description and not a term or condition of the contract. The mistake was not as to the identity nor, except for the rear corner where the shed is located, as to actual boundaries. So within the rule of Crookston Imp. Co. v. Marshall, 57 Minn. 333, 59 N. W. 294, 47 Am. St. 612, it is a proper case for reformation rather than rescission. It was there held that, although the terms of a deed are stated according to the intention of both parties, a reformation may be had if they are in error in respect of the thing to which they apply. On the authority of that case, the doctrine is stated in 23 R. C. L. 335 as follows:

"Reformation may be had not only in cases where the mistake consists in the omission or insertion of words or clauses contrary to the intention of the parties, but in cases where the parties understood what language was contained in the deed, mortgage or contract, if they believed the description corresponded with the actual boundaries intended and were mistaken therein."

That is this case for the original reference to 30 feet must be taken merely as an item of description, mutually mistaken in that the true frontage was only 28.87 feet, there being no substantial error as to actual boundaries. The error does not alter the fact of a "complete mutual understanding between the parties, the one to buy, the other to sell, the same thing, and on the same terms." Place v. Johnson, 20 Minn. 198 (219). At this point it is interesting to note not only that plaintiff confirmed his south line by his own location of the driveway, but also that by that act and possession for four years without complaint, he has made decidedly questionable the equity of his whole claim.

This case is similar to Thompson v. Ladd, 169 Ill. 73, 48 N. E. 174. There lots 4 and 5 were inclosed by one fence. The former was 66 and the latter 49½ feet wide. The owner sold the west half of the inclosure describing it as lot 4. Both parties believed the lots to be equal width. Reformation was granted to conform the descrip-

tion to the real transaction. That is what is being done here, it being needless probably to add that there could be no reformation if the evidence did not disclose precisely what the real transaction was, for courts by reformation never undertake to make a contract for litigants. If they can ascertain what the real contract was, they reform the written expression of it to express the facts. Nothing more than that has been done by the decision under review. The argument that the mistake was a material one cannot prevail because the error was not in a term or condition of the contract but only went to the description of its subject matter.

2. At the time of the purchase defendant did not own a strip along the north side and a part of the property purchased by plaintiff. But defendant has since acquired the strip in question and under the decision the title will go to plaintiff. There is nothing in the argument for plaintiff which seeks to prevent a reformation and procure a rescission because of the obvious fact that defendant never intended to sell and plaintiff never intended to buy anything not owned by the former. The fact is that both parties intended, the one to sell and the other to buy the very parcel which plaintiff will get under the contract and conveyance as reformed. In that respect the case is the same as Butler v. Barnes, 60 Conn. 170, 21 Atl. 419, 12 L. R. A. 273.

Order affirmed.