[No. 15274.   In Bank.—October 5, 1894.]

## JOSEPH E. SHAIN, APPELLANT, v. L. G. SRESOVICH ETC., RESPONDENT.

ACTION FOR MONEY OVERPAID—MISTAKE IN ACCOUNT—STATUTE OF LIMITATIONS—MEANS OF KNOWLEDGE.—An action to recover money overpaid upon a balance of account, owing to a mistake in the account, is barred by the statute of limitations at the expiration of three years after the plaintiff had the means of knowledge of the mistake.

ID.—NEGLIGENCE IN USE OF MEANS.—The means of knowledge is equivalent to knowledge, and a party who has the opportunity of knowing the facts constituting the fraud or mistake of which he complains cannot be supine and inactive, and afterwards allege a want of knowledge that arose by reason of his own laches or negligence.

ID.—PLEADING—FINDINGS.—The rule is the same as to determining whether the facts alleged in the complaint are sufficient to show due diligence, or to take the case out of the statute of limitations, and as to determining the sufficiency of the facts found after a trial for the same purpose.

ID.—RETENTION OF BOOKS AFTER MISTAKE—MEANS OF DISCOVERY.—Where the accounts showing the mistake were kept under the supervision and by the book-keeper of the assignors of the plaintiff, and the book in which the account was kept was retained and afterwards used by them for the entry of other transactions, they are not entitled to claim that the discovery of the mistake was actually made long after the means of discovery were in their possession.

ID.—STATUTES OF LIMITATION FAVORED.—Statutes of limitation are vital to the welfare of society, and are favored in the law; and mere delay, extending to the limit prescribed, is itself a conclusive bar to relief.

ID.—KNOWLEDGE OF MISTAKE BY DEFENDANT IMMATERIAL.—A finding that the defendant knew of the mistake and overpayment at or near the time the account was rendered, but never informed the plaintiff's assignors thereof, does not add to the strength of the plaintiff's claim; but the defendant has the right to rely upon the statute of limitations if an action therefor was not brought within three years after the parties making the overpayment knew, or had the means of knowing, of the mistake.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Vincent Neale,* for Appellant.

Even if the rule of the common law obtained in this state, and the cause of action for moneys paid under a mistake ran from the date of the payment, and not from the date of the discovery thereof, yet the fraudulent concealment by this defendant of the facts constituting the mistake would suspend the running of the statute of limitations. (*Kane* v. *Cook,* 8 Cal. 449.) Whatever the rule may be in other states, in California the legislature has prescribed that in cases of mistake the statute of limitations runs from the date of discovery and not from the date of the mistake. (Code Civ. Proc., sec. 338, subd. 4; *Sublette* v. *Tinney,* 9 Cal. 423. See, also, *Pierson* v. *McCahill,* 21 Cal. 128; *Vance* v. *Pena,* 36 Cal. 328; *Quivey* v. *Baker,* 37 Cal. 465; *Sheils* v. *Haley,* 61 Cal. 157; *Breen* v. *Donnelly,* 74 Cal. 305; *Ward* v. *Waterman,* 85 Cal. 508; *Lataillade* v. *Orena,* 91 Cal. 577; 25 Am. St. Rep. 219.) Money paid voluntarily under mistake of fact is recoverable both at law and in equity. (Kerr on Fraud and Mistake, 415; *Kelly* v. *Solari,* 9 Mees. & W. 58; *Townsend* v. *Crowdy,* 8 Com. B., N. S., 477; *Gregory* v. *Pilkington,* 8 De Gex, M. & G. 616; *Shand* v. *Grant,* 15 Com. B., N. S., 328; *Scott* v. *Warner,* 2 Lans. 49; *Boon* v. *Miller,* 16 Mo. 457; *Ashbrook* v. *Watkins,* 3 T. B. Mon. 82; *United States* v. *National Park Bank,* 22 Myer's Fed. Dec. 744; 6 Fed. Rep. 852.) The generel rule is, that negligence in making the payment, even where the matter mistaken was peculiarly within the plaintiff's knowledge, or one as to which he had a duty of inquiry, unattended with damage, does not defeat the action. (*Kingston Bank* v. *Eltinge,* 40 N. Y. 391; 100 Am. Dec. 516; *Union Nat. Bank* v. *Sixth Nat. Bank,* 43 N. Y. 452; 3 Am. Rep. 718; *Continental Nat· Bank* v. *National Bank,* 50 N. Y. 575; *National Bank of*

*Com.* v. *National Mechanics' etc. Assn.,* 55 N. Y. 211; 14 Am. Rep. 232; *Allen* v. *Fourth Nat. Bank,* 59 N. Y. 19; *Mayer* v. *Mayor etc.,* 63 N. Y. 455; *Redington* v. *Woods,* 45 Cal. 406; 13 Am. Rep. 190.)

*Naphtaly, Freidenrich & Ackerman,* for Respondents.

The action is of the class specified in subdivision 1 of section 339 of the Code of Civil Procedure, and is barred in two years. (*Clausen* v. *Meister,* 93 Cal. 555; Buswell on Limitations, par. 171.)

HARRISON, J.—In 1886 J. Ivancovich & Co., plaintiff's assignors, had a joint venture with the defendant in the importation and sale of some oranges, and on the 1st of July of that year they presented to the defendant a statement and account of the transactions relating to the venture, showing that they were indebted to him in the sum of two thousand and sixty-three dollars and fifty-one cents, and paid him that sum of money. These accounts were kept by the plaintiff's assignors in one of their firm books, in which were also placed an account of importation of oranges by themselves on their own account. The statement of the account which was given to the defendant was prepared by the book-keeper of Ivancovich & Co., who had been in their employ for many years, and who continued to remain as their book-keeper for several years thereafter, and who was a competent book-keeper, and entitled to full confidence for carefulness and accuracy. About the end of the year 1886 the book in which these accounts had been entered was stored away by the firm, and was not again examined until the latter part of 1890. In February, 1891, the firm made an examination of this book, and found that the account rendered to the defendant was erroneous, and that, owing to a mistake therein, they had paid him six hundred and thirty dollars and twenty-five cents too much. Thereupon they assigned the claim to the plaintiff herein, who brought this action May 5, 1891, to recover the amount of said former payment,

alleging in his complaint the foregoing facts.   The court below found that the cause of action was barred by the statute of limitations, and gave judgment for the defendant.   The plaintiff has appealed upon the judgment-roll, without any statement or bill of exceptions.

It is contended by the appellant that he has a right to maintain the action by virtue of subdivision 4 of section 338 of the Code of Civil Procedure, which allows three years within which to bring "an action for relief on the ground of fraud or mistake.   The cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake."   Fraud and mistake are by the above provisions of the statute placed in the same category, and the rules applicable to the one must govern the other.   Although the provision with reference to fraud, or one similar thereto, is found in the statute of nearly if not all of the states we are not aware that a similar provision with reference to "mistake" exists in any of the states.   The rule is well established that the means of knowledge is equivalent to knowledge, and that a party who has the opportunity of knowing the facts constituting the fraud of which he complains cannot be supine and inactive, and afterwards allege a want of knowledge that arose by reason of his own laches or negligence.   (*Wood* v. *Carpenter*, 101 U. S. 135; *Ware* v. *Galveston City Co.*, 146 U. S. 115.)   The question has usually arisen in determining whether the facts alleged in the complaint are sufficient to show due diligence, or to take the case out of the statute of limitations, but the same rule is to be applied to the facts as found after a trial.

Applying the above rule to the present case, we are of the opinion that the plaintiff's assignors had at all times after the payment to the defendant such means of information with reference to the account between them and him, and of the mistake in the payment, that their failure to avail themselves of it charged them with the same result as though they had actual knowledge thereof.

The accounts were kept under their supervision, or by their book-keeper; the statement was made out by him; the book in which the account was kept, and from which the statement was presumably made, was retained by them, and was afterwards used by them in which to place their own individual transactions, and was afterwards stored away by them. It is not claimed that the defendant ever saw the book, or took any part in the preparation of the statement, or that he sustained any relation to them which entitled them to rely upon any statement of his, or that he made any statement or did any act which induced them to make the payment. Under these circumstances they are not entitled to claim that the "discovery" of the mistake was within three years of the commencement of the action. If they could maintain the action under these circumstances there is no limit to the time in which it might be commenced. It would be a new proposition in mercantile life, as well as in law, if we should hold that a merchant who, many years after he had retired from business, on looking over his account-books through curiosity, should find that his book-keeper had made a mistake in the account of one of his customers, could recover from the customer for the merchandise that had been omitted from his account through such mistake, or get back from him the money which he had paid upon a settlement with him. "Statutes of limitation are vital to the welfare of society, and are favored in the law. They are found and approved in all systems of enlightened jurisprudence; they promote repose by giving security and stability to human affairs; important public policy lies at their foundation; they stimulate to activity and punish negligence. While time is constantly destroying the evidence of rights, they supply its place by a presumption which renders proof unnecessary. Mere delay, extending to the limit prescribed, is itself a conclusive bar." (*Wood* v. *Carpenter*, 101 U. S. 135.)

The finding of the court that the defendant knew of

the mistake and overpayment at or near the time the account was rendered, but never informed the firm thereof, does not add to the strength of the plaintiff's claim.  It is not a finding that the payment was made to him with the knowledge on his part that it was a mistake or that he contributed to the mistake; and, even if it had been, he had the right to rely upon the statute of limitations, if an action therefor was not brought within three years after Ivancovich knew, or had the means of knowing, of the mistake.

The judgment is affirmed.

DE HAVEN, J., FITZGERALD, J., McFARLAND, J., and GAROUTTE, J., concurred.