[Civ. No. 10825.   First Appellate District, Division Two.—February 7, 1939.]

ALFRED STEINER et al., Appellants, v. VIRDEN PACK-
ING COMPANY (a Corporation) et al., Respondents.

J. Maxwell Peyser for Appellants.

Leander L. James for Respondents.

SPENCE, J.—In this action, forty-seven stockholders of
the Virden Packing Company sought to recover damages
from the corporation and numerous other defendants for
alleged fraud in the making of certain representations to
said plaintiffs as an inducement to the purchase of their

stock. The demurrer of the defendants to the second amended complaint was sustained with leave to amend. Plaintiffs declined to amend and judgment was entered in favor of defendants. Plaintiffs appeal from said judgment.

The action was filed in 1935. The complaint contained forty-seven separate counts, each count embracing the alleged cause of action of one of the forty-seven plaintiffs. There is no direct allegation in the complaint showing when or by whom any of the alleged representations were made to any of the plaintiffs. Plaintiffs sought to avoid the bar of the statute of limitations and in their allegations with respect thereto, it appears that the alleged representations were made before 1920, being at least fifteen years prior to the commencement of the action. It was alleged that the falsity of the alleged representations was not discovered until 1933. Each plaintiff further alleged that ''plaintiff is unable to state at this time the particular person or persons by whom said representations were made''.

The alleged representations were ''that meat packing plants . . . had been erected, maintained and operated . . . or that the same would be erected, maintained and operated'' at Sacramento, Dixon, Los Angeles and other points and that the company ''was in a position to pay and would pay a dividend immediately and was in a position to continue to pay such dividends for long periods of time''. It was alleged that all of said representations were false and untrue.

Defendants interposed a demurrer, both general and special. In addition to the claim that neither the second amended complaint nor any count thereof stated a cause of action, the demurrer pointed out numerous uncertainties in the allegations of the complaint including uncertainties in the allegations by which plaintiffs sought to avoid the bar of the statute of limitations. Defendants also claimed misjoinder of parties and of causes of action and pleaded the bar of the statute of limitations.

█ Plaintiffs contend that the trial court erred in sustaining the demurrer but we find no merit in this contention. If it be assumed that the allegations of the complaint were sufficient to state a cause of action, the trial court was nevertheless wholly justified in sustaining the demurrer with leave to amend because of the uncertainties in the complaint which were attacked by said demurrer. Furthermore, it appears that the allegations by which plaintiffs sought to avoid

the bar of the statute of limitations were insufficient. (*Consolidated R. & P. Co.* v. *Scarborough,* 216 Cal. 698 [16 Pac. (2d) 268]; *Lady Washington C. Co.* v. *Wood,* 113 Cal. 482 [45 Pac. 809]; *Collins* v. *Texas Co.,* 123 Cal. App. 60 [10 Pac. (2d) 773].) ▇ When the nature of the alleged representations is considered, it is at once apparent that their falsity could have been discovered without delay by the exercise of the slightest diligence on the part of plaintiffs. We know of no facts which would have excused a delay of thirteen years in the discovery of the falsity of said representations but at any rate we are satisfied that plaintiffs pleaded no facts sufficient for that purpose.

In view of the conclusions we have reached, it is unnecessary to discuss the alleged misjoinder of parties and of causes of action.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.