[Civ. No. 14607. Second Dist., Div. One. Feb. 9, 1945.]

ORMOND W. BRYAN, as Administrator, etc., Appellant, v. EUGENE P. NICOLAS, as Executor, etc., Respondent.

Allen G. Mitchell for Appellant.

George H. Pratt and Roland J. Brownsberger for Respondent.

DRAPEAU, J. pro tem.—Demurrer to plaintiff's amended complaint was sustained with leave to amend. Upon failure to amend, after notice, judgment for defendant was made and entered, from which plaintiff appeals.

Inasmuch as the decision necessarily turns upon whether a cause of action is stated by the amended complaint, the following is substantially its content:

Plaintiff and defendant appear as administrator and executor, respectively, for the estates of the two decedents. While these parties are both dead, they will nonetheless for the sake of brevity be referred to as plaintiff and defendant.

It is alleged that in 1925 defendant executed and delivered to plaintiff a promissory note for $2,000 due two years after date, and, as collateral security for the payment thereof, assigned and deposited with plaintiff a certain note and trust deed of a third party; that thereafter in 1928 defendant executed and delivered to plaintiff a second promissory note for $1,500 due two years after date, and agreed that said third party note and trust deed would be collateral security for payment of this second note too; that there is still due on the notes $400 and interest on the first, and $1,000 and interest on the second; that in 1932, with fraudulent intent, defendant requested plaintiff to return to her the third party note and trust deed, so that she might impress still another party with her financial stability. Plaintiff, relying on defendant's promise to return the said note and trust deed then loaned them to defendant, for the purpose stated. Defendant never returned the note and trust deed, although often requested so to do, but defendant orally agreed to take care of her obligation to plaintiff in defendant's last will. This promise defendant made with no intention to perform, and when she died, there was no mention of plaintiff in her will; that the first discovery of the fraud alleged was by plaintiff administrator, after the death of both parties, who made demand for delivery of the trust deed and note March 13, 1943, upon defendant executor. Wherefore, plaintiff administrator prays the court to impress said trust deed and note with a trust and deliver the same to him.

The complaint in this action having been filed July 15,

1943, obviously, plaintiff's cause of action is barred by the statute of limitations, if it is for recovery on the promissory notes, the latest of which was due in 1930. (Code Civ. Proc., § 337.)

The amended complaint alleges that the defendant borrowed the trust deed and note in 1932. Therefore, the statute of limitations bars the recovery thereof as personal property. (Code Civ. Proc., § 338.)

And, obviously, if the complaint were based upon the alleged oral promise to take care of the obligation in defendant's will, it is barred by the statute of frauds, not being in writing.

Plaintiff's brief states that the action is to enforce a constructive trust upon the trust deed and note, which is perhaps the most tenable theory of recovery under the complaint. This theory becomes untenable, however, when the court takes into consideration the fact that the trust deed and note were loaned to the defendant in 1932, and the complaint was not filed until 1943.

It is true that a cause of action for relief on the ground of fraud is not deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud. (Rest., Restitution, § 148; 16 Cal.Jur. 499-506.) But, whenever the plaintiff has knowledge of the facts constituting the fraud, the period of limitations is three years. (Code Civ. Proc., § 338.) And the means of knowledge is equivalent to knowledge. (*Shain* v. *Sresovich*, 104 Cal. 402 [38 P. 51].) The situation in this case is similar to that in *Steiner* v. *Virden Packing Co.*, 30 Cal.App.2d 673, 675 [87 P.2d 35], wherein it is said:

"When the nature of the alleged representations is considered, it is at once apparent that their falsity could have been discovered without delay by the exercise of the slightest diligence on the part of plaintiffs. We know of no facts which would have excused a delay of thirteen years in the discovery of the falsity of said representations, but at any rate we are satisfied that plaintiffs pleaded no facts sufficient for that purpose."

The judgment is affirmed.

York, P. J., and White, J., concurred.