UNIQUE BALANCE COMPANY, Inc., a corporation, Plaintiff,

v.

Abraham DE VRIES and Louis de Vries, Defendants.

No. 37405.

United States District Court
N. D. California, S. D.

Oct. 14, 1958.

Hancock, Elkington & Rothert, San Francisco, Cal., for plaintiff.

Bronson, Bronson & McKinnon, San Francisco, Cal., for defendant Abraham de Vries.

EDWARD P. MURPHY, District Judge.

Plaintiff here is an Illinois corporation, and defendant Abraham de Vries a citizen of California. If the allegations of the complaint be taken as true, the following events occurred:

Early in 1948 the parties entered into a written license agreement which provided that in return for royalty payments to be made to defendant, plaintiff was granted exclusive rights to manufacture and sell certain devices covered by defendant's patent applications. The royalties were to be calculated on the basis of the volume of plaintiff's production, and plaintiff was itself to keep the appropriate records and determine the royalties due, submitting to defendant monthly reports accompanied by payment. This arrangement continued in effect until November 28, 1956, by which time plaintiff had paid to defendant some $337,000.

In April, 1957, plaintiff discovered that, without defendant's knowledge, it had overpaid the royalties in each year through 1955, to a total in excess of $57,-000, and had underpaid them in 1956 by some $5,000. Plaintiff thereupon notified defendant and demanded refund of the net overpayment, but defendant refused to return the money. This action was filed June 6, 1958.

Defendant has moved to dismiss. He contends that the applicable statute of limitations is section 339, West's Ann. California Code of Civil Procedure; that under that section plaintiff's claims arising prior to June 6, 1956 are barred; and that since no overpayment for the year 1956 is alleged, the jurisdictional amount is not in controversy and the court, in consequence, has no jurisdiction.

In pertinent part, section 339 provides that, "An action upon a contract, obligation or liability not founded upon an instrument of writing * * *" must be brought within two years. It would seem to be settled in California

that an action for the return of over-payments, even if made in mistaken reference to a written contract, is not so "founded upon" the contract as to be brought within section 337, West's Ann. Cal.Code Civ.Proc., the four-year statute relating to written instruments. Sunset Pacific Oil Co. v. Los Angeles & S. L. R. Co., 1930, 110 Cal.App.Supp. 773, 290 P. 434; Note, 19 Cal.L.Rev. (1931). But cf. Lawrence Barker, Inc., v. Briggs, 1952, 39 Cal.2d 654, 248 P.2d 897; O'Brien v. King, 1917, 174 Cal. 769, 164 P. 631.

■ But if the four-year statute does not apply, what does govern is the three-year limitation on actions "for relief on the ground of fraud or mistake." Section 338, subd. 4, West's Ann.Cal.Code Civ.Proc. Defendant cites Shain v. Sresovich, 1894, 104 Cal. 402, 38 P. 51, a case very similar on its facts, as holding that the three-year statute is inapplicable where overpayment was made through plaintiff's own error in computations made on the basis of records he himself was expected to keep. In fact, however, the Shain decision assumes that under those facts section 338(4) does apply, and limits its discussion to the subsidiary question of when the three-year period begins to run. And more recently, the California courts have applied the section to other situations in which the mistake should have been equally apparent to plaintiff. Berendsen v. McIver, 1954, 126 Cal.App.2d 347, 272 P.2d 76; Bradbury v. Higginson, 1914, 167 Cal. 553, 140 P. 254. Section 338, subd. 4 must therefore be held to apply here.

■■ But the three-year period began to run from the date of each payment. The section provides that in cases of fraud or mistake, the cause of action is "not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." The law is settled, however, that "the means of knowledge is equivalent to knowledge, and that a party who has the opportunity of knowing the facts constituting the fraud of which he complains cannot be supine and inactive, and afterwards allege a want of knowledge that arose by reason of his own laches or negligence." Shain v. Sresovich, 1894, 104 Cal. 402, 38 P. 51, 52. Here, as in the Shain case, plaintiff corporation itself was to compute the payments due, on the basis of its own records. The means of knowledge were not only available to it, but they were open to it alone. "The plaintiff ought not now to be permitted to say that it did not discover the transactions when they were spread at large upon its records and books of account." Lady Washington Consol. Co. v. Wood, 1896, 113 Cal. 482, 488, 45 P. 809, 811. See also Prentiss v. McWhirter, 9 Cir., 1933, 63 F.2d 712; Bissett v. Barnett, D.C.N.D.Cal.1956, 146 F.Supp. 693.

■ The only transactions which can be at issue here, then, are those which occurred after June 6, 1955, three years prior to the filing of this action. It is not at all clear, however, that plaintiff has alleged a claim arising after that date which amounts to the jurisdictional figure of $3,000. Exhibit C appended to the complaint alleges only that a total of $8,496.61 was overpaid during the entire year 1955, and that there was an offsetting underpayment of $5,032.80 in 1956. Since the overpayments of some five months of 1955 no longer give rise to a justiciable claim, no clear allegation of the requisite amount in controversy remains. When challenged, the mere allegation of the jurisdictional amount is not sufficient, and the burden is on the plaintiff to substantiate his claim. McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Seslar v. Union Local 901, Inc., 7 Cir., 1950, 186 F.2d 403, 30 A.L.R.2d 593.

That being true, and the complaint here not meeting the challenge to jurisdiction, the motion to dismiss is granted, and plaintiff may have twenty days in which to file an amended complaint.