**OWENS GENERATOR COMPANY, Inc., et al., Plaintiffs,**

v.

**H. J. HEINZ COMPANY et al., Defendants.**

**Civ. A. No. 36558.**

United States District Court
N. D. California, S. D.

Dec. 10, 1958.

p. 395; June v. George C. Peterson Co., 7 Cir., 155 F.2d 963.

7. Ellner v. Draper, D.C., 11 F.R.D. 333.

Carl Hoppe, San Francisco, Cal., for plaintiff.

Morris Lowenthal, San Francisco, Cal., for Owens Generator Co.

Brobeck, Phleger & Harrison, San Francisco, Cal., for H. J. Heinz Co.

WOLLENBERG, District Judge.

Both parties construe the complaint as based on fraud. The complaint sets forth a long involved series of transactions which, although preliminary to, are unconnected with the alleged fraudulent act. Each defendant made a *motion to dismiss* the complaint (1) as the action is barred by the applicable California statute of limitations (Code of Civil Procedure, §§ 338, subd. 4, 343), and (2) for failure to state a cause of action. For purposes of these motions it is only necessary to consider plaintiffs' allegation that they "have commenced this action within 3 years after discovery by them of the facts constituting the fraudulent conduct of the defendants * *". Except for this sparse allegation, the complaint does not particularize the details of the discovery.

The applicable California substantive law concededly governs this diversity action. Erie Ry. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. This Court must determine just what part, if any, of the California law stated in the following paragraph is substantive under the Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, "outcome of the action" rule. Even though Federal Rule of Civil Procedure 8(c), 28 U.S.C.A., provides that the statute of limitations is a matter of affirmative defense, such rule in case of conflict with the state substantive law must give way to the demands of Erie Ry. Co. v. Tomp-

kins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. While the line delineating the usual substantive-procedure dichotomy is often difficult of ascertainment, it is especially so under the Guaranty Trust rule. Each term "implies different variables depending upon the particular problem for which it is used." Guaranty Trust Co. of New York v. York, 326 U.S. at page 108, 65 S.Ct. at page 1469. What is accepted as procedural under state law may often be substantive under Guaranty Trust Co. v. York, supra, and binding on a federal court.

■■ As a *general rule*, the defense of the statute of limitations of a common law cause of action is procedural. The defendant must affirmatively plead such defense or it is waived. However, as an exception to the above general rule, when a plaintiff commences an action more than three years after the fraudulent conduct the California law requires him to affirmatively plead *discovery* of the fraud within three years of the commencement of the action as "an element of [his] right of action". Lady Washington Consolidated Co. v. Wood, 1896, 113 Cal. 482, 486, 45 P. 809, 810. Specifically, the plaintiff must plead (1) the time and circumstances of the discovery of the facts constituting the fraud and (2) that said acts were committed under such circumstances that plaintiff would not be presumed to have any knowledge of them. Consolidated R. & P. Co. v. Scarborough, 1932, 216 Cal. 698, 16 P.2d 268.

■■ In applying the above principles this Court concludes that for purposes of satisfying Guaranty Trust Co. v. York, supra, it is sufficient to withstand a motion to dismiss based on the statute of limitations if the plaintiff merely alleges *discovery* of the fraud within three years of the commencement of the action. To this extent Federal Rule of Civil Procedure 8(c) is inapplicable. The state rule requiring the plaintiff to plead the *facts* of the discovery is

procedural; it is merely the manner of stating the claim and as such is governed by federal law. Thus, except to the extent already indicated, the California rule in question does not "significantly affect the result of a litigation in a federal court * * *" so as to be binding on this court. Guaranty Trust Co. v. York, 1945, 326 U.S. 99, 109, 65 S.Ct. 1464, 1470.

Inasmuch as the plaintiff has satisfied Erie Ry. Co. and Guaranty Trust Co., supra, it seems clear that the defendants may not by motion to dismiss raise the defense of the statute of limitations. Federal Rules of Civil Procedure 8(c) and 12(b); Curtis v. George J. Meyer Malt & Grain Corp., D.C.W.D.N.Y.1947, 6 F.R.D. 444; Carlisle v. Kelly Pile & Foundation Corp., D.C.E.D.Penn.1947, 72 F.Supp. 326. Federal Rule 12(b) does not mention the statute of limitations as a defense which can be raised by motion to dismiss. The case does not fall within the exception allowing the defense to be raised by motion if the complaint affirmatively shows it is barred by the statute of limitations. Suckow Borax Mines Consolidated, Inc. v. Borax Consolidated, 9 Cir., 1950, 185 F.2d 196, certiorari denied 340 U.S. 943, 71 S.Ct. 506, 95 L. Ed. 680.

■ This determination then leads to *the question of whether, as a matter of federal law, the complaint must set forth the facts of the discovery in order to withstand a motion to dismiss for "failure to state a claim upon which relife can be granted."* F.R.C.P. 12(b) (6). There are cases in this Circuit indicating the complaint must state such facts. Sears, Roebuck & Co. v. Metropolitan Engravers, 9 Cir., 1956, 245 F.2d 67; Sidebotham v. Robison, 9 Cir., 1954, 216 F.2d 816; Prentiss v. McWhirter, 9 Cir., 1933, 63 F.2d 712; Bissett v. Barnett, D.C.N.D.Cal.1956, 146 F.Supp. 693; Sears, Roebuck & Co. v. Blade, D.C.S.D. Cal.1953, 110 F.Supp. 96. However, these cases antedate Conley v. Gibson,

1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80. As a general rule "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief * * *

The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 1957, 355 U.S. 41, 45, 46, 47, 78 S.Ct. 102. The Rules have adopted *"notice pleading"*. Conley v. Gibson, supra. The plaintiff merely need set forth facts showing a "claim" justifying relief; he need not set forth a cause of action. Thus, the federal cases cited by defendants rejecting "notice pleading" have been superseded by Conley v. Gibson, supra.

In accordance with the above opinion, the Court orders that the motions to dismiss the complaint be, and the same are hereby denied.