Higinio APONTE et al., Plaintiffs, Appellants,

v.

AMERICAN SURETY COMPANY OF NEW YORK, etc., Defendant, Appellee.

No. 5524.

United States Court of Appeals First Circuit.

April 8, 1960.

C. J. Irizarry Yunque, Ponce, P. R., for appellants.

Alberto Pico, San Juan, P. R., for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Puerto Rico dismissing the complaint.

The plaintiffs-appellants filed a complaint in the Superior Court of Puerto Rico, Section of Ponce, claiming damages for injuries sustained by the minor plaintiff, José Higinio Aponte, in an accident involving a grass cutting machine owned by Miguel Angel Sastre and located at Hacienda Gripiña of Jayuya, Puerto Rico. Sastre was insured under a liability policy issued by defendant-appellee, American Surety Company, covering his public liability in the operation of his farm and equipment. The insured Sastre was not made a party in the suit which was instituted against the insurance company. The case was removed to the United States District Court for the District of Puerto Rico on a petition by appellee on the basis of diversity of citizenship of the parties. Appellee filed its answer of a general denial of the facts alleged in the complaint. Interrogatories were filed and answered, and a copy of the policy attached.

After trial before the district judge, the court on its own motion raised the question of whether there was an indispensable party to the action who was not before the court. The district court dismissed the action on the ground that Sastre was an indispensable party without whose presence no action would lie against the insurance company, and joinder could not be effected since joinder of Sastre would defeat the diversity jurisdiction.

The policy on the basis of which the suit against the insurance company was instituted contained the following clause:

"Action Against Company—No action shall lie against the company unless as a condition precedent thereto, the insured shall have fully complied with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability. * * * *"

This is a standard form of "no action" clause in relation to a liability policy.

The statute of Puerto Rico relating to the liability of insurance companies in effect at the time this cause of action accrued, and, therefore governing this case, is Section 175 of the Insurance Law, as amended by Act No. 60, Laws of Puerto Rico, 1952:

"Section 175.—Any clause in an insurance contract depriving the insured of his right to claim in the courts of justice, at any time after the occurrence of the accident against which the insurance was made, the amount of any loss suffered and which has been the object of such insurance, shall be illegal. When the person causing the damage is insured against the accident which caused the loss or damage, and in the case where the insurance policy has been issued in favor of a third person, the action to claim such indemnity as may be proper may be

presented against the insurance company only, or jointly against the insured person and the insurance company. The court shall determine not only the liability of the company, but also the amount of the loss."

The district court held that the above statute did not apply in the federal court, citing Water Resources Authority v. Irizarry, 72 P.R.R. 601 (1951); Pérez v. Maryland Casualty Co., 78 P.R.R. 453 (1955); and Landol v. Colón, 78 P.R.R. 572 (1955), as support for its conclusion that the statute was merely a procedural device, and consequently not controlling in the federal court in a diversity suit.

In our view the case of Pérez v. Maryland Casualty Co., supra, controls the issue raised by the instant case. In that case the Supreme Court of Puerto Rico held that under the 1952 amendment a cause of action would lie against the insurance company alone in a suit on a liability policy. Although the court did hold that the liability of the insurance company was still contingent on a finding of liability of the insured, the essential point, for purposes of the instant case, is that under the statute as interpreted by the Supreme Court of Puerto Rico there was a good cause of action against the insurance company even though the contract requirement of a judgment against the insured was not met. See also Landol v. Colón, supra.

The statute as so interpreted does relate to the substance of the liability of the insurance company. The 1952 amendment alters the contract term defining the insurance company's liability by dispensing with the requirement that a judgment of the liability of the insured be obtained as a condition precedent.

Since under Puerto Rico law a cause of action would lie against the insurance company without meeting the "judgment" condition of the policy, application of local law, Home Ins. Co. of New York v. Davila, 1 Cir., 1954, 212 F.2d 731, 743, requires the federal court in a diversity action to recognize such a cause of action. The insured is not an indispensable party to this cause of action, since no judgment against him is necessary under Puerto Rico law, despite the apparent terms of the insurance policy.

Furthermore, under the doctrine of Guaranty Trust Co. v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, the characterization of a statute by a state court, and likewise by the Supreme Court of Puerto Rico, as procedural or substantive is not determinative of the question of its applicability by a federal court in a diversity action. The determination of the applicability of state law depends on whether or not "it significantly affect[s] the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court." Id. 326 U.S. at page 109, 65 S.Ct. at page 1470. If such disregard does significantly affect the result of the litigation, then the federal court should apply the state law. See also Owens Generator Company v. H. J. Heinz Company, D.C.N.D.Cal. 1958, 23 F.R.D. 121. Although the 1952 amendment was characterized by the Supreme Court of Puerto Rico as procedural for purposes of retroactive effect, and interpreted by it as different from the Louisiana direct action statute, cf. Pérez v. Maryland Casualty Co., supra, and Landol v. Colón, supra, with Lumbermen's Mutual Casualty Co. v. Elbert, 1954, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59, to disregard the Puerto Rico statute changes the outcome of an action against an insurer alone when diversity of citizenship allows removal of the action to a federal court. Under the rule of Guaranty Trust Co. v. York, supra, therefore, the substantive nature of the Puerto Rico law is evident and that law must be applied in actions brought in or removed to the federal courts under their diversity jurisdiction.

Judgment will be entered vacating the judgment of the district court and remanding the case for further proceedings not inconsistent with this opinion.