**Maria Teresa Padilla GARCIA et al.,**
**Plaintiffs, Appellants,**

v.

**Rafael BERNABE, Defendant, Appellee.**

**No. 5639.**

United States Court of Appeals
First Circuit.

March 28, 1961.

E. Martinez Rivera, San Juan, P. R., with whom Edelmiro Martinez, Jr., San Juan, P. R., was on brief, for appellants.

Marcelino Romany, San Juan, P. R., with whom Manuel Benitez Flores and Romany & Romany, San Juan, P. R., were on brief, for appellee.

Before WOODBURY, Chief Judge, and MARIS * and HARTIGAN, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the District of Puerto Rico which dismissed the complaint.

* Sitting by designation.

We note that the complaint is deficient in allegations necessary to establish the jurisdiction of the district court, although this was not the ground on which the district court dismissed. The complaint alleges that "plaintiffs Maria Teresa, Maria Ana y [sic] Maria Luisa Padilla Garcia are actual residents of the State of New York, having resided abroad for more than 20 years." There is no allegation of defendant's residence or citizenship.

■■ The only possible basis for the district court's jurisdiction of the instant action is diversity of citizenship of the parties under either 28 U.S.C. § 1332(a)(1) (1958), or § 41 of the Jones Act, 39 Stat. 965 (1917), 48 U.S.C.A. § 863, now known as the Puerto Rican Federal Relations Act, see Public Law 600, §§ 4 and 5, 64 Stat. 319, 320, 48 U.S.C.A. §§ 731e and note, 737 note. The allegations of residence are insufficient to establish jurisdiction on the basis of either statute. Realty Holding Co. v. Donaldson, 1925, 268 U.S. 398, 45 S.Ct. 521, 69 L.Ed. 1014; Brooks v. Yawkey, 1 Cir., 1953, 200 F.2d 663, 664. Under 28 U.S.C. § 1653 (1958) amendment of the complaint may be granted to correct such defective allegations.

■ In accordance with the procedure followed in Brooks v. Yawkey, supra, and Keene Lumber Co. v. Leventhal, 1 Cir., 1948, 165 F.2d 815, we shall allow 20 days from the date of this opinion for the filing in this court of a motion under 28 U.S.C. § 1653 for leave to amend. If such a motion to amend is filed and allowed, we shall proceed to dispose of the appeal on the merits. Otherwise, we shall be obliged to vacate the district court's judgment of dismissal, which was on the merits and with prejudice, and direct the district court to enter judgment dismissing the complaint for lack of jurisdiction. See Keene Lumber Co. v. Leventhal, supra, note 1 at page 818 of 165 F.2d.