Maria Teresa Padilla GARCIA et al.,
Plaintiffs, Appellants,

v.

Rafael BERNABE, Defendant, Appellee.
No. 5639.

United States Court of Appeals
First Circuit.
April 27, 1961.

E. Martinez Rivera, San Juan, P. R., with whom Edelmiro Martinez, Jr., San Juan, P. R., was on brief, for appellants.

Marcelino Romany, San Juan, P. R., with whom Manuel Benitez Flores, San Juan, P. R., and Romany & Romany, San Juan, P. R., were on brief, for appellee.

Before WOODBURY, Chief Judge, MARIS[*] and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of Puerto Rico which dismissed the complaint.

The amended complaint[1] makes the following allegations. On July 23, 1914 Octavio Garcia Salgado executed his will

---

[*] Sitting by designation.

[1] In a Per Curiam opinion of this court on March 28, 1961, 288 F.2d 60, the deficiency of the original complaint in alleging federal jurisdiction was noted. We al-lowed time for the filing of a motion for leave to amend. Such motion has been filed and allowed. The amended complaint now establishes the jurisdiction of the district court.

naming the three plaintiffs, his granddaughters, as his heirs and designated Rafael Bernabe, the defendant-appellee, and Manuel Garcia Rosado as executors. Octavio Garcia Salgado died July 16, 1921 at which time two of the plaintiffs were still unemancipated minors. The defendant signed a deed before a notary public accepting the functions of executor on July 29, 1921 and, at defendant's request, testamentary letters were issued on August 9, 1921. Subsequently the defendant took custody of the estate and, in bad faith and with intent to defraud plaintiffs, did not make any inventory of the estate or notify plaintiffs of his acceptance of the executorship. The defendant brought suit against the estate and made attachments, stating in the complaints that the heirs of Octavio Garcia Salgado were unknown to him and concealing the fact that two of the plaintiffs were minors. No notification of the complaints was given to the plaintiffs. Thereafter defendant obtained judgments against the estate, of which plaintiffs were never notified. At the sale at public auction held on execution of the judgments, defendant appeared as a bidder and obtained various properties. Defendant also permitted other actions to be prosecuted against the estate and judgments obtained therein by default. The defendant never made any liquidation of the estate nor any payments to plaintiffs of their participations in the inheritance. The complaint further alleges that plaintiffs considered themselves defrauded in the amount of $200,-000, that this fraud became known to plaintiffs six months before the filing of the complaint and that such discovery was the result of an investigation made by plaintiffs' attorney at their request.

Defendant filed an amended motion to dismiss on the grounds (1) "that the complaint * * * fails to state facts sufficient to constitute a cause of action against this defendant"[2] and (2) "that the cause of action, if any, is barred by Section 1868 of the Civil Code * * *"

The district court held that the cited one year statute of limitations was not applicable but that the complaint should be dismissed on the ground of failure to state a claim since the complaint indicated on its face that (1) the cause of action accrued not later than August 1921, (2) the applicable 15 year statute of limitations had expired no later than July 23, 1950 and (3) the complaint contained no allegation that the running of the statute was tolled following the plaintiffs' attainment of majority at least by 1935.

Plaintiffs made a motion to reconsider or alter and/or amend on the ground that there was no cause of action on which a statute of limitations could run until there had been discovery by plaintiffs of the alleged fraud. The district court denied the motion for reconsideration on the grounds that (1) the statute of limitations runs from the time the fraud is committed and (2) even if "knowledge" of the fraud is necessary to the running of the statute, then the running must commence from the time that plaintiffs should have known of the supposed fraud.

In Lopez v. Gautier, 1 Cir., 1930, 41 F.2d 914, appeal dismissed sub nom. Sanchez v. Borras, 1931, 283 U.S. 798, 51 S.Ct. 490, 75 L.Ed. 1421, this court held that an action for renunciation based on fraud was not barred by the statute of limitations until the period set by the statute had elapsed after the fraud was discovered or with reasonable diligence might have been discovered. We believe that such an exception to the running of the statute of limitations should be equally applicable to a general action based on fraud, and therefore the statute would not run from the time the fraud is committed. See also Peckham v. Ronrico Corp., 1 Cir., 1954, 211 F.2d 727 (dictum).

The district court indicated in its original opinion that there is no allegation in the complaint that the running of the period of limitations since 1935 was in-

2. The district court construing the motion liberally treated this ground as raising the defense of "failure to state a claim upon which relief can be granted."

terrupted. Plaintiffs did allege that "the facts herein exposed became known to plaintiffs in the last six months by virtue and as a result of an investigation made by attorney Edelmiro Martinez, Jr., at the request of plaintiffs." The question then is the sufficiency of this allegation to sustain the complaint as against a motion to dismiss.

■ By the weight of authority the bar of the statute of limitations in actions for relief on the ground of fraud commences to run only from discovery of the fraud or from when, with reasonable diligence, there ought to have been discovery of the facts constituting the fraud. Annotation 172 A.L.R. 265 (1948). In a majority of jurisdictions if the complaint discloses that the action for fraud was not commenced within the period of the statute of limitations measuring from the actual commission of the fraud, in order to toll the operation of the statute on the ground of a failure to discover the fraud, plaintiff must allege facts which show the time of the discovery of the fraud, the circumstances of discovery, and facts excusing the late discovery. Id., at page 266. The basis for the district court's alternative ground for dismissing the complaint apparently was plaintiffs' failure to meet these requirements.

Although there are some jurisdictions that hold that it is sufficient to allege merely that discovery was made within the period set by statute, preceding the commencement of the action, see Annotation 172 A.L.R. 265, 266, 299–302 (1948), ordinarily we would not reverse a district court for following the weight of authority in a case of first impression in the local jurisdiction.

The instant case, however, presents a more complicated question since the basis for federal jurisdiction is diversity of citizenship. In a similar case involving diversity of citizenship the District Court for the Northern District of California sustained the complaint. Owens Generator Company v. H. J. Heinz Company, D.C.N.D.Cal.1958, 23 F.R.D. 121. The question was carefully considered in that case, and we are persuaded by the well-reasoned opinion that such is the correct decision.

■ Although the local substantive law controls in a diversity case, federal law governs the procedure. See Aponte v. American Surety Company of New York, 1 Cir., 1960, 276 F.2d 678. The question of pleadings in regard to statutes of limitation generally would be procedural and be governed by federal law. See Rule 8, F.R.Civ.P., 28 U.S.C.A. Certain jurisdictions, however, have required as an element of the plaintiff's right of action for fraud after the period of the statute of limitations has elapsed from the time of the alleged fraudulent conduct, that the plaintiff must plead affirmatively the discovery of the fraud within the statutory period before commencing the action.[3] See Lady Washington C. Co. v. Wood, 1896, 113 Cal. 482, 45 P. 809. Plaintiffs here allege discovery of the fraud within 15 years of commencing their action.[4]

■■ The additional requirement of such jurisdictions that the facts of the discovery and excuse be pleaded is clearly procedural and need not be met under the rule requiring application of local law which would significantly affect the result of the litigation. See Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464. The Federal Rules of Civil Procedure do not require that a claimant set out in detail the facts upon which he bases his claim.

3. The district court did not explicitly interpret the local law this way, but since it presents the strongest basis for the court's conclusion, we shall assume, arguendo, that such was its interpretation.

4. We believe that the question of what constitutes "discovery" so as to establish the right of action is one that would

"significantly affect the result of [the] litigation" under Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 and as such should be governed by local law. The question of the manner of pleading the element of discovery is, however, distinct from this.

Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. 355 U.S. at pages 45–46, 78 S.Ct. at page 102.

We believe that, under these cases and the reasoning contained in them, plaintiffs' complaint is sufficient. It sets forth the basic claim of fraud and that discovery of the fraud was not made by plaintiffs until six months prior to commencing the suit. Since nothing more is required under federal procedural law, the complaint cannot be said to affirmatively show that it is barred by the statute of limitations. Cf. Suckow Borax Mines Consol. v. Borax Consolidated, 9 Cir., 1950, 185 F.2d 196, certiorari denied 1951, 340 U.S. 943, 71 S.Ct. 506, 95 L.Ed. 680.

Judgment will be entered vacating the order of the district court and remanding the case for further proceedings not inconsistent with this opinion.