483 P.2d 892

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff and Appellant,**

**v.**

**Jerry C. WOOD, Dianna L. Wood, and Michael D. Williams, Defendants and Respondents.**

**No. 12237.**

Supreme Court of Utah.

April 5, 1971.

428

Wendell E. Bennett, of Strong & Hanni, Salt Lake City, for plaintiff-appellant.

Thomas M. Burton, of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Robert L. Gardner, Cedar City, for defendants-respondents.

TUCKETT, Justice:

The plaintiff commenced these proceedings in the court below seeking to rescind ab initio an automobile insurance policy issued by the plaintiff and insuring Jerry C. Wood and Dianna L. Wood, the defendants. The plaintiff also requests declaratory relief declaring that in the event that the defendant Michael D. Williams commences an action against Jerry C. Wood or his wife to recover damages for injuries that the plaintiff is not obligated to defend the Wood defendants nor to pay any judgment which might be awarded in such action.

On March 1, 1968, the plaintiff issued to Jerry C. Wood and Dianna L. Wood an automobile liability policy. In Wood's application for the policy he misrepresented his age, his past driving record which included a number of traffic violations, and he also

misrepresented the fact that his driver's license had been revoked. On May 6, 1968, while the policy was in effect, the defendant Jerry C. Wood drove his automobile into the defendant Michael D. Williams and as a result of that incident, Williams received serious injuries. At the time of the incident in question Williams was an employee of W. W. Clyde & Company and as a result of his employment Williams was covered by workmen's compensation. After the plaintiff was notified of the impending claim of Williams, it commenced these proceedings on October 29, 1968.

It would appear from the record that at the time the plaintiff issued the policy in question it made no further investigation of Wood's background or driving record other than that contained in Wood's application. There was a public record at the Department of Public Safety as to a number of traffic violations and also the fact that his driver's license had been revoked on two occasions by reason of those violations. The plaintiff owed a duty to the insured as well as to the public to make a reasonable investigation of the insurability of Wood within a reasonable time after accepting his application for a

liability policy.[1] An insurer cannot neglect its duty to make a reasonable investigation of insurability or postpone that investigation until after it learns of a probable claim and still retain its right to rescind. To permit an insurer to avoid its duty to make a reasonable investigation within a reasonable time would permit it to retain the premiums and avoid all risk under the policy.

The trial court was of the opinion that the plaintiff was not entitled to a rescission of the policy issued and granted a summary judgment in favor of the defendants upon that issue. It would seem that the court below based its judgment in part at least upon the provisions of Sec. 41–12–21(f)(1), U.C.A.1953.[2] The minority view supports the trial judge but we prefer to base our decision on the proposition of whether or not the plaintiff lost its right to rescind by reason of its failure to make a reasonable investigation of insurability.

This matter is remanded to the district court for a further hearing upon the issue of whether the plaintiff made a reasonably thorough and prompt investigation of the insurability of Wood after it had issued the policy in question. The plaintiff has the

1. Barrera v. State Farm Mutual Automobile Ins. Co., 71 Cal.2d 659, 79 Cal. Rptr. 106, 456 P.2d 674; Shain v. Sresovich, 104 Cal.2d 402, 38 P. 51, 52.

2. This section is a part of the Safety Responsibility Act and provides in part that liability of the insurance carrier becomes absolute whenever injury or damage covered by a motor vehicle policy occurs; * * * and no statement made by the insured or on his behalf * * * shall defeat the policy. No claim is made that the insurance policy involved herein was issued to meet the requirements of the Safety Responsibility Act.

burden of showing the adequacy of its investigation.

 During the course of these proceedings the plaintiff sought to have W. W. Clyde & Company joined as a party defendant. The trial court refused to permit the joinder. We perceive no error in the ruling of the court below inasmuch as it does not appear that W. W. Clyde & Company is an interested party in this suit wherein the plaintiff seeks to rescind its policy issued to Wood.

Respondents are entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.